On appellants Mira Monte Farm, Inc.'s, Albert H. and Virginia L. Troutman's, Mira Monte Farm Enterprises', Theodore A. Troutman's and Timothy A. Troutman's petition for reconsideration filed December 22; on appellant Gerald R. Pullen's petition for reconsideration filed December 27, 1988; on respondent's responses filed April 14, appellant Pullen's petition allowed; former opinion (94 Or App 56, 764 P2d 935) modified and, as modified, adhered to; petition of other appellants denied May 10, petition for review denied August 1, 1989 (308 Or 197)

## FARM CREDIT BANK OF SPOKANE,
*Respondent,*

*v.*

## MIRA MONTE FARM, INC., et al,
*Appellants.*

### (84-11-289; CA A42516)
772 P2d 1377

Gerald R. Pullen, Portland, *pro se,* for appellant Pullen's petition.

Phillip R. Muir, Portland, for other appellants' petition.

G. Kenneth Shiroishi and Dunn, Carney, Allen, Higgins & Tongue, Portland, for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

All of defendants who are appellants have petitioned[1] for reconsideration of our decision affirming the judgment foreclosing plaintiff's mortgage on real property. 94 Or App 56, 764 P2d 935 (1988). Defendant Pullen, in his separate petition, contends that we erred in holding that his asserted equitable mortgage is invalid because it was an oral agreement. We allow reconsideration only to address Pullen's contention and to amplify our opinion.

Pullen is an attorney who had represented Mira Monte Farms, Inc. (Mira Monte), and its owners, the Troutmans. He claims that, in 1978, the Troutmans owed him $20,000 for attorney fees and that they orally agreed to give him a security interest in certain farm lands owned by them and Mira Monte (the farm) as security for that preexisting obligation. Pullen signed and recorded a "Notice of Attorney's Lien" on August 18, 1978, in which he described the real property on which he claimed a lien.[2] On July 23, 1981, plaintiff loaned Mira Monte $980,000, secured by a mortgage on the farm. Pullen claims that, by virtue of his "equitable lien," he has a security interest in the farm that is superior to plaintiff's mortgage.

In our original opinion, we said that an equitable lien on land must be in writing. That statement is too broad. In *Smith v. Portland Fed. S. & L. Ass'n.,* 207 Or 546, 296 P2d 481, 298 P2d 185 (1956), the court enforced an oral promise to give a mortgage, stating: "[A]n equitable mortgage arises whenever there is an agreement for the giving of a mortgage upon specific property supported by a consideration paid upon the faith of the agreement." 207 Or at 554. Because Pullen did not give any consideration on the faith of the Troutmans' oral agreement to give him a mortgage, he did not acquire, and is not entitled to, an equitable mortgage.

Appellant Pullen's petition for reconsideration

---

[1] Disposition of the petitions has been held in abeyance pending the vacating of automatic stays, 11 USC § 362(a), that resulted from bankruptcy proceedings involving several defendants.

[2] Pullen did not acquire an attorney's lien on the real property, because his lien claim does not come within ORS 87.445.

allowed; former opinion modified and, as modified, adhered to; petition of other appellants denied.